UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAYAN A. LOPEZ AGUILAR,<br>On behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>EMPIRE BAGELS HARRISON INC.,<br>EMPIRE BAGELS CARMEL INC.,<br>EMPIRE BAGELS FISHKILL INC.,<br>EMPIRE BAGELS CROSS RIVER INC.,<br>EMPIRE BAGELS BREWSTER INC.,<br>EMPIRE BAGELS YORKTOWN INC., and<br>JAY D'ANGELO, individually.<br><br>Defendants. | CIVIL ACTION NO.<br>23-cv-9229<br><br><br><br>COMPLAINT |

Plaintiff BRAYAN A. LOPEZ AGUILAR ("Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys Levine & Blit, PLLC, complaining of defendants EMPIRE BAGELS HARRISON INC., EMPIRE BAGELS CARMEL INC., EMPIRE BAGELS FISHKILL INC., EMPIRE BAGELS CROSS RIVER INC., EMPIRE BAGELS BREWSTER INC., EMPIRE BAGELS YORKTOWN INC., (all entity defendants, collectively, "Empire Bagels") and JAY D'ANGELO, individually ("D'Angelo") (all defendants hereinafter collectively referred to as "defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This collective and class action is brought to remedy unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and the New York Labor Law ("NYLL"), for failure to provide meal breaks in violation of the NYLL, and for violations of the New York Labor Law ("WTPA") sections 195(1) and 195(3).

2. Plaintiffs seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including the lost overtime wages; an award of liquidated damages under the FLSA and NYLL; statutory damages; prejudgment interest pursuant to the NYLL; reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of New York.

## THE PARTIES

5. Plaintiff is a citizen of the State of Connecticut who began working for the Defendants in or about September, 2022, in defendants' Harrison, NY location.

6. Upon information and belief, Empire Bagels are domestic business corporations doing business in the State of New York, duly organized and existing in the State of New York, with its principal places of business located in Westchester, Putnam, Dutchess, and Bronx counties.  Empire Bagels owns and operates no less than seven stores within these counties.

7. As a matter of economic reality, Empire Bagels are joint employers of plaintiff and those similarly situated, and were legally obligated to ensure their pay structure complied with the FLSA and NYLL, as all entities within Empire Bagels are jointly owned and controlled by the same owners, utilize the same management, utilize the same marketing, sales and supply lines, commingle employees, all represent as 'Empire Bagels', and set the same terms and conditions for all employees, among other things.

8. Upon information and belief, D'Angelo is the owner of Empire Bagels, and controls the terms and conditions of plaintiff's employment, and the employment of those similarly situated, by determining hours worked, pay rates, whether or not overtime wages are paid, whether or not breaks are given, and the form and manner in which employees such as plaintiff are paid and whether or not wage notices and wage statements are provided to employees.

9. At all times relevant to this action, Empire Bagels was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. § § 203 (r) and (s), and, thus, an entity covered by the FLSA.

10. At all times relevant to this action, Empire Bagels had: (a) employees engaged in the commerce or in the commerce or in the production of good for commerce, and has employees handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

11. At all times relevant to this action, Plaintiff and those similarly situated was an "employee" of Defendants pursuant to the FLSA and Labor Law.

12. At all times relevant to this action, Defendants were an "employer" of Plaintiff and those similarly situated pursuant to the FLSA and Labor Law.

**COLLECTIVE ACTION ALLEGATIONS PURSUANT TO THE FLSA**

13. Upon information and belief at all times within the applicable statute of limitations, Defendants have employed well more than fifty to one hundred or more employees, including the Plaintiff, as food service workers performing manual labor such as taking customer orders, making bagels and other food items, making coffees and other beverage

items, cleaning, stocking, etc., who worked in excess of forty (40) hours per work week; yet were denied overtime wages.

14. Defendants have employed numerous food service workers in such positions during the applicable statutory period who have been subjected to the same terms and conditions of employment as Plaintiff.

15. Defendants used the employment practice of paying employees regular hourly rate for all hours worked, instead of time and a half for hours forty (40) and over, thereby denying overtime wages to employees.

16. The unlawful employment practices at issue with respect to the similarly situated food service workers and the named plaintiff in this action are identical, as Defendants in all such cases have willfully denied such employees the overtime wages that they are owed.

17. Past and current food service workers employed by Defendants who are similarly situated to the named plaintiffs in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

18. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

19. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

## CLASS ACTION ALLEGATIONS PURSUANT TO THE NYLL

20. Plaintiff brings claims pursuant to the NYLL, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

- All persons who work or have worked for defendants as food service workers performing such labor including but not limited to taking customer orders, making bagels and other food items, making coffees and other beverage items, cleaning, stocking, etc. in New York between October 20, 2017 and the date of final judgment in this matter (the "New York Class" or "Class").

21. The members of the New York Class are so numerous that joinder of all members is impractical, and the disposition of their claims as a class will benefit the parties and the Court, as upon information and belief there are more than fifty to one hundred, or more members of the New York Class.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

23. Plaintiff and the New York Class have all been injured in that they have been under-compensated insofar as they've been denied proper overtime wages, due to Defendants' common policies, practices, and patterns of conduct.

24. Upon information and belief, plaintiff and the New York Class have been additionally harmed by Defendants' insofar as they've been denied proper meal and rest breaks, wage notices, and wage statements.

25. Upon information and belief, defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

26. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual New York Class lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

    (A) whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

    (B) whether Defendants correctly provided proper meal and rest breaks to Plaintiff and the New York Class;

    (C) whether Defendants failed to furnish Plaintiff and the New York Class with a proper time-of-hire wage notice, as required by the NYLL; and

    (D) whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30. At all times relevant to this Complaint, Plaintiff was employed by Defendants as a food service worker.

31. While employed by Defendants, Plaintiff worked approximately no less than fifty (50) to sixty (60) hours, or more, per week on Defendants behalf.

32. Although Plaintiff worked in excess of forty (40) hours in a work week, he was paid at his regular hourly rate for all hours worked.

33. For example, for week ending October 8, 2023, plaintiff worked approximately no less than 51.6 hours for defendants, but did not receive 1.5 times his regular rate of pay for any hours over forty in that workweek.

34. Plaintiff was denied overtime wages owed insofar as plaintiff never received 1.5 times his regular rate of pay for hours worked over forty (40) in a workweek.

35. At all times relevant to this Complaint, Plaintiff worked under the Defendants direction and control.

36. Defendants exercised control over Plaintiffs' work schedule, and his compensation.

37. In addition, Plaintiff was routinely denied at least a 30-minute break period for meals, as he was regularly provided no more than fifteen (15) minutes meal break per day, and as he was required to be on call and work when needed during this approximately fifteen minute meal break.

38. Throughout the entirety of their employment with Defendants, Plaintiff and other customer service workers similarly situated were denied wage notices containing the information required by NYLL 195(1), and accurate wage statements required by NYLL

195(3), including, but not limited to, the correct rate of pay for regular and overtime hours worked, and the actual hours worked per week for defendants.

39. The failure of defendants to provide plaintiff and those similarly situated with proper wage notices and wage statement denied them the opportunity to properly calculate unpaid overtime wages.

40. Defendants are aware or should be aware that its pay practices are in violation of the NYLL and FLSA, but willfully engaged in these unlawful pay practices.

41. Plaintiff and all other customer service workers have suffered substantial economic losses, resulting from Defendants' failure to pay overtime wage, to provide proper meal and rest breaks, and to provide accurate wage notices and wage statements.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

42. Plaintiff hereby repeat and reallege each allegation previously set forth, as if fully set forth therein.

43. Defendants were the employers of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

44. Plaintiff and all other similarly situated employees are and were non-exempt employees of Defendants under the FLSA.

45. Plaintiff and all other similarly situated employees worked in excess of forty (40) hours in a work week for Defendants, as described above, but were denied overtime premium wages.

46. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA

with respect to the compensation of Plaintiff and all other employees similarly situated to him. As such, Defendants noncompliance with the FLSA was willful.

47. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other similarly situated employees have suffered economic damages in the form of lost wages and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
#### (Unpaid Overtime Wages in Violation of the NYLL)

48. Plaintiff hereby repeats and realleges each allegation previously set forth, as if fully set forth herein.

49. Defendants were the employers of Plaintiff and all other similarly situated employees, within the meaning of the NYLL.

50. Plaintiff and all other similarly situated employees were non-exempt employees of Defendants pursuant to the NYLL.

51. Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, but were denied overtime wages for hours worked over 40.

52. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful and it has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and all other similarly situated employees.

53. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other similarly situated employees have suffered and continues to suffer economic damages in the form of unpaid overtime wages and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the NYLL.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Provide Meal Breaks in Violation of NYLL)

54. Plaintiff hereby repeats and realleges each allegation previously set forth, as if fully set forth herein.

55. Defendants, as employers subject to the New York Labor Law, failed to provide Plaintiff and all other similarly situated employees with meal breaks pursuant to the New York Labor Law.

56. Plaintiff and all other similarly situated employees were employees of Defendants, and at all relevant times, were subject to the provisions of the New York Labor Law.

57. Plaintiff and all other similarly situated employees allege that Defendants have failed to provide the legally mandated meal breaks, thus breaching its legal obligations as an employer under New York labor law.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of NYLL § 195(1))

58. Plaintiff hereby repeats and realleges each allegation previously set forth, as if fully set forth herein.

59. Defendants failed to furnish to Plaintiff and all other similarly situated employees, accurate information required NYLL § 195(1) at the time of their hiring or changes in compensation, including their hourly overtime rate, or any time thereafter.

60. Due to Defendants' violations of the NYLL § 195(1), Plaintiff and all other similarly situated employees are entitled to recover statutory damages not to exceed $5,000.00 plus attorney's fees and the costs of this action.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
(Violation of NYLL § 195(3))

61. Plaintiff hereby repeats and realleges each allegation previously set forth, as if fully set forth herein.

62. Defendants failed to furnish Plaintiff and all other similarly situated employees with each payment of wages a statement that complies with statutory requirements under NYLL § 195(3), including identification of overtime rate and the correct amount of hours worked each workweek.

63. Due to Defendants' violation of NYLL § 195(3), Plaintiff and all other similarly situated employees are entitled to recover statutory damages not to exceed $5,000.00 plus attorney's fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA and NYLL relating to payment of overtime wages; failure to provide meal breaks; failure to provide wage notices; and failure to provide wage statements;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff's and the Collective's and the Class's economic losses in the form of unpaid overtime wages;

d) An order awarding liquidated damages to Plaintiff and the Collective and the Class under the FLSA and NYLL in an amount equal to the total amount of unpaid overtime wages;

e)  An award of prejudgement interest on the unpaid overtime wages owed to Plaintiff and the Class pursuant to the NYLL;

f)  An award of statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class with proper time of hire/annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

g)  An award of statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

h)  An award of Plaintiff's and the Collective's and the Class's reasonable attorney's fees;

i)  An award of the Plaintiff's and the Collective's and the Class's costs of this action; and

j)  Any such other and further relief this court deems just and equitable.

Dated: October 19, 2023
   Rye Brook, New York                    LEVINE & BLIT, PLLC

   _____

   Russel S. Moriarty, Esq
   *Attorneys for Plaintiffs*
   800 Westchester Avenue, Suite S-322
   Rye Brook, NY 10118
   Tel. (212) 967-3000
   RMoriarty@LevineBlit.com