

> Motion granted. Having carefully reviewed the fairness letter as well as the executed proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is hereby approved. The Clerk of Court is respectfully directed to close this case.
>
> SO ORDERED.
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 25, 2024

*VIA ECF*

Hon. Philip M. Halpern
United States District Judge
United States District Court
Southern District of New York

      **Re:** **Letter Motion for Approval of FLSA Settlement**
            **7:23-cv-09229-PMH Lopez Aguilar v. Empire Bagels Harrison Inc. et al**

Dear Judge Halpern:

    This office represents the Plaintiff in the above-referenced matter. I respectfully write to jointly request with all defendants that the Court approve the Settlement Agreement and Release between the parties (the "Agreement")[1], and dismiss this matter with prejudice.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

    Plaintiff commenced this matter alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, with respect to the failure to pay overtime wages, and the New York Labor Law ("NYLL"), with respect to the failure to pay overtime wages and to provide proper wage notices and wage statements. Defendants denied any wrongdoing and all liability throughout the litigation of this matter.

    Subsequent to the filing of the Answer, the parties exchanged initial disclosures pursuant to Rule 26(a)(1) then engaged in significant document discovery during which extensive records of plaintiff's hours worked and pay received were turned over by defendants to plaintiff. The parties then attended mediation on March 5, 2024. Though mediation did not resolve the matter at that time, it did initiate settlement discussions which continued in earnest thereafter. On April 18, 2024, the Court held the Initial Status Conference in this matter, after which the parties exchanged additional significant discovery.

    As document discovery completed and the evidence crystallized, defendants made a Rule 68 Offer of Judgment in the amount of $14,124.00, plus reasonable attorneys' fees and costs. Though the Offer of Judgment did not resolve the matter at that time, it initiated final settlement discussions between the parties, and ultimately led to the settlement which is before the Court.

---

[1] The Settlement Agreement is attached to the Declaration of Russell S. Moriarty in Support of the Motion for Settlement Approval, as Exhibit A.

[1]



Russell S. Moriarty, Esq.
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
Phone: 212-967-3000
Email: rmoriarty@levineblit.com

The settlement payment to the plaintiff, as agreed upon by the parties via arms-length negotiation by counsel, calls for a gross payment of $21,816,00 to settle plaintiff's claims in this matter in their entirety, broken up as follows: $2,062.00 to plaintiff for alleged unpaid overtime wages; $2,062.00 to plaintiff for alleged liquidated damages related to unpaid overtime wages; $10,000 to plaintiff for alleged violations of Labor Laws 195(1) and (3); $7,062.00 to Levine & Blit, PLLC, as plaintiff counsel's attorneys' fees[2]; and $630.00 to Levine & Blit, PLLC, to cover third-party litigation costs. (Exhibit A).

The settlement also contains a mutual non-disparagement provision, which is important to both plaintiff and defendants to preserve their respective reputations within the community.

## II. APPROVAL OF THIS SETTLEMENT IS APPROPRIATE

### A. Legal Standard

Parties cannot settle FLSA claims without court approval. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), cert. denied, 577 U.S. 1067 (2016). Before a court approves an FLSA settlement, "it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (collecting cases). Courts "approve FLSA settlements where they are reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). Ordinarily, "courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. Keybank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982)).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). For the reasons set forth herein, the Settlement Agreement satisfies all of the above criteria.

### B. The Settlement Agreement Complies With All Factors

#### i. Litigation Risks and Ranges of Recovery

---

[2] The attorneys' fees to Levine & Blit equal one-third of the settlement proceeds after deduction for third party costs.

[2]



Russell S. Moriarty, Esq.
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
Phone: 212-967-3000
Email: rmoriarty@levineblit.com

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005). Rather, "there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Id.*

Though even if a settlement amount falls short of maximum possible recovery under the best possible circumstances, such a lesser amount can be significant 'in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement.' *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). "It is well settled that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). Furthermore, when settlement assures immediate payment of substantial amounts, "even if it means sacrificing speculative payment of a hypothetically larger amount years down the road," settlement can be reasonable. *See Teachers' Ret. Sys. of Louisiana v. A.C.L.N. Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *5 (S.D.N.Y. May 14, 2004).

Here, the proposed settlement amount represents a fair and reasonable compromise, forged after significant discovery and significant contesting of claims and defenses amongst the parties. With the benefit of significant time and pay records provided by defendants, plaintiff's counsel calculated approximately $2,062 of unpaid overtime wages. Plaintiff also calculated liquidated damages as an additional 100% of this amount, totaling $2,062. Finally, plaintiff claimed damages pursuant to NYLL 195(1) in the amount of $5,000, and NYLL 195(3) in the amount of $5,000. Finally, plaintiff claimed reasonable attorneys' fees and costs, which were accruing regularly. Therefore, total possible recovery at the close of document discovery for plaintiff's claims of unpaid overtime wages, and failure to provide wage notices and statements, was $14,124, plus attorneys' fees and costs.[3] This exact amount, of $14,124.00 plus reasonable attorneys' fees and costs, comprised defendants' Rule 68 Offer of Judgment to plaintiff prior to this settlement being finalized. As noted above, the settlement agreement calls for a payment directly to plaintiff of 66.67% of the total settlement fund after litigation fees and costs, meaning that the plaintiff will receive in this settlement $14,124.00, which is 100% of the damages calculated for plaintiff at the close of document discovery, and in line with defendants' prior Rule 68 Offer of Judgment.

Courts in this District routinely approve settlements even below 50% total possible, best-case, recovery. *Zavala Artiega v. Griffin Organics, Inc.*, No. 16-cv-6613, 2021 WL 1997636, at *3 (S.D.N.Y. May 19, 2021) (27.7% of the total possible recovery deemed reasonable); *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (18% of total possible recovery deemed reasonable). Therefore, based on the above, the Court in this matter

---

[3] Plaintiff did amend his Complaint to include retaliation claims in the form of reduced hours offered to work after he filed this lawsuit. However, after review of plaintiff's time records post-document discovery, the reduction in hours was relatively insignificant, if any.



Russell S. Moriarty, Esq.
800 Westchester Avenue, Suite S-322
Rye Brook, New York 10573
Phone: 212-967-3000
Email: rmoriarty@levineblit.com

should find the settlement amount accruing to plaintiff to be reasonable, as plaintiff is receiving 100% of total calculated damages for unpaid overtime wages and for failure to provide wage notices and wage statements.  Accordingly, the Parties respectfully request that this motion be granted.

    **ii. Arm's-Length Bargaining Between Experienced Counsel, Absence of Fraud and Collusion, and Avoidance of Burdens And Expenses of Continued Litigation**

  The proposed settlement is the product of arm's-length negotiations between the Parties following significant exchanges of claims and defenses and documents.  Further, the Parties' respective counsel in this matter are highly experienced in wage-and-hour matters, and each were aggressive proponents of their parties' respective positions throughout this litigation.  These factors eliminate any danger of fraud or collusion. See, e.g., *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15 Civ. 6848 (KBF), 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving settlement agreement where the "plaintiff and defendant [were] represented by attorneys experienced in wage and-hour litigation").

  Finally, the settlement avoided the expenses in both time and money of continued discovery, including depositions, and the possibility of years of additional litigation and the ongoing accrual of attorneys' fees.  Therefore, the settlement comprises an efficient resolution of this dispute.

  Based upon the foregoing, the Court should approve the Parties' Settlement Agreement as fair and reasonable, as it was reached as a result of contested litigation to resolve bona fide disputes.

  **II. PLAINTIFFS' ATTORNEYS' FEES SHOULD BE APPROVED**

  "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorneys' fees. *Babayeva v. Halstead Managing Corp.*, No. 16-CV-3794 (RA), 2018 WL 5997919, at *1 (S.D.N.Y. Nov. 15, 2018), *quoting Andrews v. The City of New York*, 118 F. Supp. 3d 630, 634-35 (S.D.N.Y. 2015).

  In taking on and prosecuting this matter, plaintiff's counsel took on considerable risk and expended significant resources.  Plaintiff retained counsel on a 33 1/3% contingency basis, and spent $0 out of pocket throughout the entirety of the litigation.  Plaintiffs' counsel fronted all costs and fees.

  The amount requested as attorneys' fees in this matter by plaintiff's counsel is $7,062.00 (1/3 of the settlement amount net of costs). "A contingency fee award is presumptively valid where



Russell S. Moriarty, Esq.<br>
800 Westchester Avenue, Suite S-322<br>
Rye Brook, New York 10573<br>
Phone: 212-967-3000<br>
Email: rmoriarty@levineblit.com

'the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method' in this District, 'particularly where it is pursuant to a previously negotiated retainer agreement.'" *Babayeva,* 2018 WL 5997919, at *4, *quoting Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). As such, the fee requested, here, as one-third of the net settlement amount, is presumptively valid, thus should be approved.

In evaluating the reasonableness of a fee award, the court must also find the fee reasonable 'when compared to what would be awarded under the lodestar method. *Babayeva,* 2018 WL 5997919, at *4, *quoting Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *2 (S.D.N.Y. Aug. 6, 2018). "[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case [ ]." Garcia v. Johnnie's Car Wash on Oak Inc., 22-CV-02403, *7 (LDH) (JMW) (E.D.N.Y. Nov. 27, 2022), *quoting* Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

In this matter, plaintiff's counsel worked no less than 60.7 hours throughout the duration of the case. (Exhibit B). Based on counsel's experience, the hours worked, and the requested billing rate of $400 per hour (*see* Declaration of Russell Moriarty, Esq., attached to this motion, at ¶¶ 4-9), the total attorneys' fees calculated pursuant to the lodestar method are $24,280.00. However, as noted above, counsel is seeking only $7,062.00 in attorneys' fees as one-third of the settlement fund after third-party litigation costs.

Plaintiff is also seeking approval for third-party costs expended by plaintiff's counsel in furtherance of this litigation. Third party costs in this matter include filing fees ($405.00) and service of process fees ($225.00), totaling $630.00. All third-party costs in this matter were necessary for the litigation of this matter.

Accordingly, the Parties respectfully request the Court's approval of the Settlement Agreement. To the extent that the Court requires any further detail or briefing, we are at the Court's disposal.

Thank you for your attention to this matter.

Dated: October 23, 2024

/s/ Russell S. Moriarty<br>
By: Russell S. Moriarty, Esq.<br>
Levine & Blit, PLLC<br>
*Attorneys for Plaintiff*